## Bowe *v.* The State.

INDICTMENT.—The indorsement of the foreman of the grand jury upon an indictment returned into court as "a true bill," is not a part of the record, unless made so by a bill of exceptions.

SAME.—The transcript on an appeal from a judgment in a prosecution for a felony showed that a grand jury was impanneled and sworn on the first day of the term, the names of the jurors, and that A was appointed foreman. At a later day in the term an indictment was returned into court by the grand jury, signed "by B, their foreman, as a true bill." There was no entry showing that B had been appointed or sworn as foreman, nor did his name appear among the jurors impanneled.

*Held,* that the failure to show the appointment of B as foreman was probably a mere ministerial omission of the clerk, by which the substantial rights of the defendant were not affected, and which furnishes no ground for a reversal of the judgment.

PROFESSIONAL GAMBLING.—Indictment for professional gambling, in two counts. The first charged that the defendant, at *Marion* county, &c., was engaged in the habit and practice of gaming, and did then and there get his livelihood thereby. The second count charged that the defendant, at, &c., was wandering about from place to place, in the habit and practice of gaming. The evidence showed that the accused had been for two months traveling about and gaming for a livelihood, but that he had come into the county where he was indicted on lawful business, and had not gamed therein.

*Held,* that the evidence did not sustain the indictment.

APPEAL from the *Marion* Circuit Court.

FRAZER, C. J.—This was an indictment against the appellant for being a professional gambler. After a motion to quash was overruled, there was a finding of guilty, and, over motions for a new trial and in arrest of judgment, the defendant was adjudged to imprisonment in the penitentiary for one year.

The motions for a new trial and in arrest are severally urged upon the ground that the indorsement on the indictment, "a true bill," was not, and did not purport to be, signed by the foreman of the grand jury, but by a person who it is shown by the record was not even a member of the

grand jury. The indorsement seems not to be necessarily a part of the record. *Townsend* v. *The State*, 2 Blackf., 151. It could only be made so by a bill of exceptions. The clerk has chosen to incorporate it in the transcript, but that does not bring it to our notice. The entry showing the impanneling and swearing of the grand jury, the names of the grand jurors, and that one *Samuel D. Maxwell* was appointed foreman is set out in the record. This was on the first day of the term. On the thirty-ninth day, it appears by the transcript that the grand jury returned into court this indictment, "signed by *James H. Turner*, their foreman, as a true bill." The name of *Turner* is not amongst the grand jurors impanneled on the first day, but it is quite apparent that he was, at the return of this indictment, the foreman of the body, and that he must have been appointed as such after the first day of the term. In any event, therefore, it is very probable that advantage is sought to be taken of a mere ministerial omission of the clerk, and we would be slow to allow this to be done even in the absence of the statute, which expressly commands us not to listen to such an objection. 2 G. & H., § 160, p. 427.

It is urged that the evidence does not sustain the finding. That he had, for two months before his arrest, followed the occupation of playing the "ball game;" that he had, during that period, been traveling so engaged; that it was his business, and that he made his living in that way, was admitted by the defendant when arrested, stating, however, that he had never played in *Indianapolis*. A gambling implement was in his possession. There was no proof of his gambling in *Marion* county, and the circumstances showed that he probably could not have done so in that county elsewhere than in *Indianapolis*. It was shown that he was there on other and lawful business. Was it necessary to sustain the charge that it must have been shown that he did gamble, or offer or seek to do so, in *Marion* county? What constitutes the offense charged? The indictment contained two counts: 1. That the defendant, at *Marion* county, "was

engaged in the habit and practice of gaming; and did then and there get his livelihood" thereby. 2. That at, &c., he was wandering about from place to place in the habit and practice of gaming. Though he had done the acts charged elsewhere, yet if not guilty of them in the county where the indictment was found, he could not be lawfully convicted there. As there was an entire absence of evidence upon that point, the case must be reversed.

The judgment is reversed, and the cause remanded for a new trial. The prisoner to be returned, &c.

Gregory, J., dissented.

*S. A. Colley* and *J. C. Buffkin,* for appellant.

*D. E. Williamson,* Attorney General, for the State.